**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6492**

NAPOLEON J. RANKIN-BEY,

        Petitioner - Appellant,

    v.

STATE OF NORTH CAROLINA,

        Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:20-cv-01129-TDS-JEP)

Submitted:  August 19, 2021               Decided:  August 24, 2021

Before GREGORY, Chief Judge, FLOYD, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Napoleon J. Rankin Bey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Napoleon J. Rankin Bey seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Rankin Bey's 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 29, 2021. Rankin Bey filed the notice of appeal on March 23, 2021.[*] Because Rankin Bey failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Rankin Bey could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2